## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ALEXANDER McARTHUR,<br>        Plaintiff, | No. 3:20-cv-1004 (SRU) |
| v. |  |
| WAL-MART,<br>        Defendant. |  |

## ORDER OF DISMISSAL

Alexander McArthur ("McArthur"), proceeding *pro se*, brings this action against Wal-Mart. In his complaint, McArthur brings claims for defamation, deceptive acts, and discrimination. *See* Doc. No. 1. For the following reasons, McArthur's complaint is **dismissed without prejudice**.

## I.        Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action brought *in forma pauperis* if the Court determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) ("[A] complaint must contain sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

When a plaintiff proceeds *pro se*, court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). "[W]hile *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, courts should look for such allegations by reading *pro se* complaints with special solicitude and interpreting them to raise the strongest claims that they suggest." *Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)).

## II.     Background

McArthur filed his complaint in the instant action on July 14, 2020 against defendant Wal-Mart. *See* Doc. No. 1. McArthur alleges five causes of action, "customer's rights violations," defamation, "deceptive practices, discrimination, and "unfair or deceptive act or practices." *Id*. at 3. McArthur alleges no facts in support of his claims. Instead, he vaguely references his other "litigations" as well as an "audio cassette of the reason." *Id*.

On October 30, 2020, this Court issued an order acknowledging McArthur's manually filed exhibits and instructing McArthur instead to allege facts that are "sufficient 'to raise a right of relief above the speculative level.'" Doc. No. 10 (quoting *Twombly*, 550 U.S. at 555-56). The order further explained to McArthur that "[a] complaint need only contain a short and plain

2

statement of the claim." *Id*. (citing Fed. R. Civ. P. 8(a)). Finally, the Court directed the Clerk to "return the exhibits to McArthur." *Id*. Since the Court's October 2020 order, McArthur has made no additional filings on the docket.

## III.    Discussion

This Court must dismiss this action if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). More than fifteen months have passed since this Court ordered McArthur to comply with the pleading requirements of Rule 8, yet McArthur has filed no correction or addendum to his complaint. In the absence of any factual allegations in his complaint, McArthur fails to comply his obligation under the pleading standards to "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

## IV.    Conclusion

For the foregoing reasons, McArthur's complaint is **dismissed without prejudice**. I grant McArthur leave to amend his complaint within **twenty-one days** of this Order.

If McArthur chooses to file an amended complaint, then I will conduct an initial review pursuant to 28 U.S.C. § 1915 prior to directing service of the amended complaint on the defendant(s).  If McArthur fails to amend his complaint within twenty-one days as directed by this order, I shall dismiss the complaint pursuant to 28 U.S.C. § 1915.

So ordered.

Dated at Bridgeport, Connecticut, this 7th day of February 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill

3

United States District Judge